UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-CV-00686-CAS(ASx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | YUDHISTIRA ET AL. v. CALIFORNIA FLIGHT CENTER, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS): THIRD-PARTY DEFENDANT MUSTANG SALLY AVIATION, LLC'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT (Dkt. No. 53, filed May 12, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing currently scheduled for June 15, 2015 is hereby vacated, and the matter is taken under submission.

## I. INTRODUCTION AND BACKGROUND

On January 29, 2015, plaintiffs Yudhistira, Jacqualine Maryline, and Arief Rahman Hakim filed a complaint against defendants California Flight Center, Inc. ("CFC"), Accessible Aviation, Inc. ("AA"), Accessible Aviation International, Inc. ("AAI"), APG Flight Academy California LLC ("APG"), Mukesh Patel, and Carl Nuzzo. Dkt. No. 1. Plaintiffs allege that they were swindled out of tens of thousands of dollars by a fraudulent flight school scheme orchestrated by defendants. Compl. ¶ 1.

On March 27, 2015, defendants CFC, AAI, APG, and Mukesh Patel (collectively, "Third-Party Plaintiffs") filed a cross-complaint against defendants AA and Nuzzo (collectively, "Cross-Defendants"), and a third-party complaint against Anand Patel, Keith Furlong, David Parsons, Mustang Sally Aviation LLC ("MSA"), and FliteServe LLC ("FliteServe") (collectively, "Third-Party Defendants"). Dkt. No. 38. Third-Party Plaintiffs assert three claims: (1) breach of contract; (2) conversion; and (3) breach of fiduciary duty. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-CV-00686-CAS(ASx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | YUDHISTIRA ET AL. v. CALIFORNIA FLIGHT CENTER, INC. ET AL. | | |

     First, Third-Party Plaintiffs allege that they entered into several contracts with all Cross-Defendants and Third-Party Defendants. Third-Party Compl. ¶ 24. Specifically, Third-Party Plaintiffs allege the existence of contracts with: (1) Nuzzo and AA, for securing student visas, Federal Aviation Administration ("FAA") certifications, and overseeing training; (2) Anand Patel, for providing marketing services, handling communications with students, and collecting and distributing funds; and (3) Furlong, FliteServe, Parsons, and MSA, for providing training and fixed based operator services, and leasing airplanes and premises. Id. Third-Party Plaintiffs allege that Cross-Defendants and Third-Party Defendants breached these agreements by failing to secure student visas, diverting and/or misappropriating funds, and failing to notify the FAA of transfer of ownership of the CFC flight operations. Id. ¶ 26. Second, Third-Party Plaintiffs allege that Cross-Defendants and Third-Party Defendants wrongfully converted CFC and AAI's funds. Id. ¶¶ 30-31. Lastly, Third-Party Plaintiffs allege that Anand Patel breached his fiduciary duty by diverting and misappropriating funds. Id. ¶ 42.

     On May 12, 2015, Third-Party Defendant MSA filed a motion to dismiss Third Party Plaintiffs' claims as to MSA pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 53. Third-Party Plaintiffs filed an opposition on May 25, 2015, dkt. No. 62, and MSA replied on June 1, 2015, dkt. No. 64. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

     A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-CV-00686-CAS(ASx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | YUDHISTIRA ET AL. v. CALIFORNIA FLIGHT CENTER, INC. ET AL. | | |

     In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

     Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999).

     As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. ANALYSIS

     Third-Party Plaintiffs assert two claims for relief against MSA for breach of contract and conversion. Third Party Compl. ¶¶ 23-32. MSA contends that Third-Party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-CV-00686-CAS(ASx) | Date | June 3, 2015 |
| Title | YUDHISTIRA ET AL. v. CALIFORNIA FLIGHT CENTER, INC. ET AL. | | |

Plaintiffs fail to allege any act or omission by MSA that would entitle them to recovery. Mot. Dismiss at 1-2. In response, Third-Party Plaintiffs assert that their third-party complaint meets the pleading standard contemplated by Federal Rule of Civil Procedure 8(a).[1] Id. MSA responds that Third-Party Plaintiffs' Opposition fails to address the deficiencies in the third-party complaint. See Reply Supp. Mot. Dismiss. The Court addresses each claim in turn.

    A.    **Breach of Contract**

MSA asserts that Third-Party Plaintiffs have failed to state a claim for breach of contract. Mot. Dismiss at 4-5. To state a claim for breach of contract under California law, a party must plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach, and resulting damage. Vaccarino v. Midland Nat. Life. Ins., Co., No. CV 11-05858, 2011 WL 5593883, at 7 (C.D. Cal. Nov. 14, 2011) (citing Wall St. Network, Ltd. v. N.Y. Times Co., 164 Cal. App. 4th 1171, 1178 (2008)).

Third-Party Plaintiffs allege that MSA, along with the other Cross-Defendants and Third-Party Defendants, breached all agreements by failing to secure student visas, diverting and/or misappropriating funds and/or financial resources, and failing to notify the FAA of transfer of ownership of the CFC flight operations, resulting in damages. Third-Party Compl. ¶ 26. However, as MSA points out, MSA's contract with Third-Party Plaintiffs was exclusively for the leasing of aircraft, id. ¶ 7, and Third-Party Plaintiffs do not allege that MSA failed to provide such aircraft.

In response, Third-Party Paintiffs assert that their breach of contract claim is sufficiently pleaded against MSA because plaintiffs Yudhistira, Maryline, and Hakim allege in the *original complaint* that defendants (i.e., Third-Party Plaintiffs) failed to

---

[1] Third-Party Plaintiffs also respond that MSA's counsel failed to first contact Third-Party Plaintiffs' counsel to discuss the substance of its Motion to Dismiss and any potential resolution as required by Local Rule 7-3. Opp'n at 1. The Court declines to deny the motion on procedural grounds. However, parties are admonished to comply with the Local Rules going forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-CV-00686-CAS(ASx) | Date | June 3, 2015 |
| Title | YUDHISTIRA ET AL. v. CALIFORNIA FLIGHT CENTER, INC. ET AL. | | |

provide training equipment, and the *third-party complaint* states that the training equipment was to be provided via agreements with Third-Party Defendants, including MSA. Opp'n at 3. The original complaint, however, contains no reference to MSA. Thus, Third-Party Plaintiffs have failed to allege how MSA has breached the alleged contract and, likewise, how MSA may have contributed to Third-Party Plaintiffs' alleged damages.

### B.  Conversion

MSA asserts that Third-Party Plaintiffs have failed to state a claim for conversion under California law. Mot. Dismiss at 6. "The elements of a claim for conversion are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion, (2) the defendant's conversion by a wrongful act or disposition of property rights, and (3) damages [resulting from the conversion]." Oakdale Vill. Group v. Fong, 43 Cal. App. 4th 539, 543-44 (1996).

Third-Party Plaintiffs allege that MSA, along with the other Cross-Defendants and Third-Party Defendants, wrongfully exercised control over Third-Party Plaintiffs' payments by converting CFC and AAI funds to the payment of FliteServe projects and other unknown purposes. Third-Party Compl. ¶ 30. Third-Party Plaintiffs further allege that all Cross-Defendants and Third-Party Defendants, including MSA, misdirected CFC and AAI funds, resulting in the shutting down of CFC's operations and damages of over $150,000. Id. at ¶ 31. However, Third-Party Plaintiffs' only factual allegation as to MSA is that MSA entered into an agreement to lease planes to Third-Party Plaintiffs. Third-Party Compl. ¶ 17. MSA correctly notes that while Third-Party Plaintiffs do allege that the other Third-Party Defendants (FliteServe, Furlong, and Parsons) diverted and/or misdirected funds, there are no factual allegations that MSA engaged in such conduct. Id. Third-Party Plaintiffs have thus failed to explain how MSA acted to convert Third-Party Plaintiffs' funds or how MSA may have contributed to the alleged damages resulting from conversion.

### IV.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** without prejudice MSA's motion to dismiss the claims asserted against MSA in Third-Party Plaintiffs' complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-CV-00686-CAS(ASx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | YUDHISTIRA ET AL. v. CALIFORNIA FLIGHT CENTER, INC. ET AL. | | |

If Third-Party Plaintiffs wish to file a First Amended Complaint, they are directed to do so no later than **June 24, 2015**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |