**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUDHISTIRA *et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>CALIFORNIA FLIGHT CENTER, INC. *et al.*,<br><br>       Defendants. | CASE NO. 2:15-CV-00686<br><br>[~~PROPOSED~~] **FINAL CONSENT JUDGMENT** |

**FINAL CONSENT JUDGMENT**

Based on the parties' Stipulation for Entry of Judgment, and good cause appearing thereon, the Court renders its judgment as follows:

1. Judgment shall be entered in favor of Plaintiffs Yudhistira, Jacqueline Maryline, and Arief Rahman Hakim (collectively, "Plaintiffs") and against Mukesh Patel ("Patel"), California Flight Center, Inc. ("CFC"), Accessible Aviation International, Inc. ("AAI"), APG Flight Academy California LLC ("APG"), California Olive Oil Export, LLC ("California Olive Oil Export"), Imperial Valley Olives LLC ("Imperial Valley Olives"), Imperial Valley Olive Farms 101 LLC ("Imperial Valley Olives 101"), Imperial Valley Olives 201 LLC ("Imperial Valley Olives 201"), and California Aviation Academy LLC ("CAA") (collectively, "Patel Defendants"). This judgment (the "Judgment") shall have no effect whatsoever on Plaintiffs' remaining claims in the litigation against Defendants Carl Nuzzo or Accessible Aviation, Inc.

2. Plaintiff Yudhistira is awarded damages as against the Patel Defendants, jointly and severally, in the amount of $17,189.31. Plaintiff Maryline is awarded damages as against the Patel Defendants, jointly and severally, in the amount of $26,701.85. Plaintiff Hakim is awarded damages as against the Patel Defendants, jointly and severally, in the amount of $19,358.84.

3. The Patel Defendants shall make payments on the following schedule, as set forth in the parties' Settlement Agreement (the "Agreement"):  (1) January 1, 2016 ($2,853.56 to Yudhistira, $4,432.72 to Maryline, and $3,213.72 to Hakim); (2) February 1, 2016 ($2,853.56 to Yudhistira, $4,432.72 to Maryline, and $3,213.72 to Hakim); (3) March 1, 2016 ($2,853.56 to Yudhistira, $4,432.72 to Maryline, and $3,213.72 to Hakim); (4) April 1, 2016 ($2,853.56 to Yudhistira, $4,432.72 to Maryline, and $3,213.72 to Hakim); (5) May 2, 2016 ($2,853.56 to Yudhistira, $4,432.72 to Maryline, and $3,213.72 to Hakim); and (6) June 1, 2016 ($2,921.51 to Yudhistira, $4,538.25 to Maryline, and $3,290.24 to Hakim).  So long as the Patel

Defendants make such payments, Plaintiffs shall not take action to enforce or execute on this Judgment. Upon the occurrence of an Uncured Event of Default (as that term is defined in the Agreement), however, Plaintiffs may enforce and/or execute on this Judgment through any and all legally available means, and this Judgment shall be enforceable in its full amount after giving credit to the Patel Defendants for any payments previously made pursuant to the Agreement.

4. Upon the occurrence of an Uncured Event of Default (as that term is defined in the Agreement), the Patel Defendants shall make themselves available for a judgment debtor's examination at any time demanded by Plaintiffs after 14 calendar days from the occurrence of the Uncured Event of Default.

5. The debts provided for in this Judgment and the Agreement are nondischargeable pursuant to subsections (2), (6), and (19) of 11 U.S.C. § 523(a).

6. If Plaintiffs must make any effort to enforce, execute, or collect on this Judgment, Plaintiffs shall be entitled to recover from the Patel Defendants, jointly and severally, any and all costs of such enforcement, execution, or collection, including without limitation any attorneys' fees incurred in connection therewith.

**JUDGMENT SHALL BE ENTERED ACCORDINGLY.**

Dated:      December 22, 2015

_____
Hon. Christina A. Snyder, U.S. District Judge